UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:14-cr-00080-JAW |
| | ) | |
| JOHN TAPLEY, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION**

This matter is before the Court on Defendants' Motion to Suppress (ECF No. 11). Through his motion, Defendant seeks to exclude from evidence at trial certain information that law enforcement officials obtained from Defendant's computer in January 2013. Defendant maintains that although law enforcement conducted the search pursuant to a search warrant, the search was nevertheless unlawful because the evidence used to obtain the warrant was the product of an impermissible warrantless search. As explained below, the recommendation is that the Court deny the motion.

**Factual Background**

For purposes of the motion to suppress, the parties agree on the following facts: On January 21, 2013, Robert Harriman, a technician employed at a computer repair business in Ellsworth, informed law enforcement that while servicing Defendant's computer, he detected what appeared to be pictures of pre-teen girls in gymnast uniforms, and a search history that included searches for "non-nude, pre-teen photos" and "pre-teen porn." Law enforcement (a member of the Ellsworth Police Department) advised Mr. Harriman that the information was insufficient to institute criminal proceedings against Defendant.

Subsequently, Mr. Harriman conducted a further search of Defendant's computer, and found a computer file that included (a) videos with titles suggesting that the videos contained child pornography, and (b) images that Mr. Harriman believed to constitute child pornography. Mr. Harriman again contacted the Ellsworth Police Department to report his findings. Ellsworth police provided the information to the Hancock County Sheriff's Office. When Detective Alan Brown of the Sheriff's Office interviewed Mr. Harriman on January 22, Mr. Harriman informed Detective Brown of the information that he had located on Defendant's computer. Detective Brown instructed Mr. Harriman to shut down the computer, and then went to Mr. Harriman's place of business to review the work order. After confirming that Defendant was the owner of the computer, Detective Brown took possession of the computer.

With the information provided by Mr. Harriman, Detective Brown requested and obtained a warrant to search Defendant's computer. Upon execution of the warrant, the Maine State police performed a forensic examination of the computer. The search produced potentially incriminating information.

Defendant contends that although Mr. Harriman is a private citizen, under the circumstances Mr. Harriman's conduct constitutes government action. Because Mr. Harriman searched Defendant's computer without a warrant, Defendant argues the search was in violation of Defendant's Fourth Amendment rights.

## **Discussion**

The Fourth Amendment does not apply "to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (quoting *Walter v. United States*, 447 U.S. 649, 662 (1980) (Blackmun, J., dissenting)). In order

to implicate the Fourth Amendment, therefore, a private party must act as a government agent. *United States v. Silva*, 554 F.3d 13, 18 (1st Cir. 2009).

To determine whether a private individual should be deemed a government agent, the Court must consider (1) "the extent of the government's role in instigating or participating in the search"; (2) the government's "intent and the degree of control it exercises over the search and the private party"; and (3) "the extent to which the private party aims primarily to help the government or to serve its own interests." *Id*. As the factors demonstrate, the mere fact that a private individual conducts a search after reporting possible criminal conduct to law enforcement does not automatically generate a Fourth Amendment issue. An analysis of the circumstances of each case is required.[1]

Here, the record contains no evidence to suggest that the member of the Ellsworth Police Department with whom Mr. Harriman spoke on January 21 directed, implicitly or explicitly, Mr. Harriman to conduct a further search of Defendant's computer. Instead, the search was conducted without law enforcement's knowledge or consent. Law enforcement did not exercise any control over Mr. Harriman or the search, nor did law enforcement give Mr. Harriman any direction before he conducted the search. Furthermore, on this record, one cannot determine that Mr. Harriman's primary intent was to assist law enforcement. Indeed, Mr. Harriman's motive is difficult to discern. That is, whether Mr. Harriman searched the computer because of a strong personal belief, a desire

---

[1] Defendant largely relies upon *United States v. Barth*, 26 F. Supp. 2d 929 (W.D. Tex. 1998), in which the court concluded that a computer technician who conducted a search was a government agent. Although the facts are arguably similar insofar as *Barth* also involved a search by a private computer technician, at a basic level, *Barth* is consistent with the analysis in this Recommended Decision in that the court examined the particular facts of the case in order to determine whether the technician was a government agent. In *Barth*, the court found that the technician was an informant for the FBI, and that he served as a government agent after his initial discovery of child pornography in part because he conducted further searches after being instructed to copy all files on the hard drive and to provide them to the FBI. *Id.* at 932, 941.

to assist law enforcement, or a company policy, is not apparent. None of the relevant factors, therefore, supports the conclusion that Mr. Harriman was acting as a government agent at the time that he performed the search.

## Conclusion

Based on the foregoing analysis, the recommendation is that the Court deny Defendant's Motion to Suppress.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of September, 2014.